IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HOMER GREENE, | : | CIVIL ACTION NO. |
| BOP Reg. # 82431-020, | : | 1:13-CV-04268-WSD-JCF |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN DARLENE DREW, | : | HABEAS CORPUS |
| Federal Prison Camp, Atlanta, | : | 28 U.S.C. § 2241 |
|     Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner, currently confined at the Federal Prison Camp in Atlanta, Georgia, received three concurrent 360-month sentences in the United States District Court for the Middle District of Georgia on January 11, 2000, after his three drug trafficking convictions by jury trial. (Doc. 1 at 1-2). Petitioner seeks to challenge his sentences via a 28 U.S.C. § 2241 habeas corpus petition that invokes 28 U.S.C. § 2255(e)'s savings clause. (Doc. 1). Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). Because Petitioner's claim does not qualify for savings clause treatment, **IT IS RECOMMENDED** that his habeas petition be **DISMISSED**.

AO 72A
(Rev.8/82)

## I. <u>The Savings Clause</u>

The "savings clause" of 28 U.S.C. § 2255(e) allows a federal prisoner to bring a habeas corpus petition, seeking relief otherwise available only via a § 2255 motion to vacate his sentence, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In the Eleventh Circuit, a petitioner may invoke the savings clause only when his § 2241 claim arises from a Supreme Court decision, issued "subsequent to his first § 2255 proceeding," that, at a minimum, both applies retroactively to cases on collateral review and overturns Circuit precedent that previously foreclosed the claim. *Bryant v. Coleman*, 738 F.3d 1253, 1274 (11th Cir. 2013). The Eleventh Circuit in *Bryant* noted that in *Williams v. Warden*, 713 F.3d 1332, 1343 (11th Cir. 2013), it had noted its description in *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), in *dicta*, of

> two different kinds of challenges to which the savings clause may conceivably apply that are not covered by [the] § 2255(h) [provision for second or successive motions to vacate:] . . . . (1) when a retroactively-applicable Supreme Court[] decision establishes that the petitioner was convicted of a "nonexistent offense," and circuit law squarely foreclosed the petitioner from raising that claim at "trial, [direct] appeal, or first § 2255 motion"[[1]]; and (2) when a "fundamental defect in sentencing" occurred, and, again, the petitioner had no "opportunity to obtain judicial correction of that defect earlier."

---

[1] This is the prototypical "actual innocence" claim. *See Bryant*, 738 F.3d at 1281 (The Eleventh Circuit has "never doubted that the savings clause, at the very least, applies to actual-innocence claims due to a conviction for a non-existent offense.").

2

*Bryant*, 738 F.3d at 1271.

## II. The Petition And Supporting Brief

Petitioner states that the Eleventh Circuit affirmed his convictions and sentences on direct appeal in February 2001 and that the trial court denied his 28 U.S.C. § 2255 motion to vacate his sentences in July 2001. (Doc. 1 at 2-3). He acknowledges that he raised a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in his unsuccessful § 2255 motion and that in May 2005 the Eleventh Circuit denied his application to file a second § 2255 motion based on his allegation that he is actually innocent of his § 841(b)(1)(A) crimes of conviction. (*Id.* at 6). He also notes that his combined sentence has been reduced from 360 to 240 months. (Doc. 1-1 at 4).

Petitioner argues that his 360-month sentences exceed the statutory maximum under 21 U.S.C. § 841(a)(1) for a drug trafficking crime involving an unspecified drug quantity and that, therefore, he is actually innocent of his 21 U.S.C. § 841(b)(1)(A) convictions. (Doc. 1 at 3-4). He argues that in the absence of a jury verdict beyond a reasonable doubt as to drug quantity, his sentencing range should have been 0-20 years rather than 10-30 years, although the higher range was applied to his convictions based on the trial court's determination that he was responsible for 1.5 kilograms of crack cocaine. (Doc. 1 at 4). Petitioner also raises two other claims, one alleging ineffective assistance of trial counsel regarding a mistrial in his criminal case and a

3

second alleging a Fifth Amendment double jeopardy violation. (*Id.* at 5). In his supporting brief, Petitioner states that he is invoking § 2255(e)'s savings clause based on the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (Doc. 1-1 at 5-18).[2]

### III. Petitioner's Sentencing Claim May Not Proceed Under The Savings Clause.

Petitioner's claim that his 360-month sentences must be reduced because of *Alleyne* does "not satisfy the requirements of section 2255's savings clause" because (1) the Supreme Court's *Alleyne* holding merely extends—to a defendant's statutory minimum sentence—its *Apprendi* holding that a defendant's sentence must not exceed the statutory maximum established by the jury's findings, *see United States v. Son*, No. 13-10590, 2014 U.S. App. LEXIS 2046, at *13-14 (11th Cir. Feb. 3, 2014) (stating that in *Alleyne* "the Supreme Court extended *Apprendi's* holding to facts that increase the mandatory minimum prescribed by a statute"), and (2) "*Apprendi* does not apply retroactively on collateral review," *Emuchay v. Vasquez*, 213 Fed. Appx. 899, 900-01 (11th Cir. 2007) (citing *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), and affirming the dismissal of a § 2241 petition seeking to invoke § 2255's savings clause to challenge a sentence "enhanced based on facts not proven to a jury beyond

---

[2]Petitioner apparently does not argue any retroactive Supreme Court holding would allow his other two claims, alleging ineffective assistance of counsel and a double jeopardy violation, to proceed in this habeas corpus action.

4

a reasonable doubt, in violation of *Apprendi*").[3]

Petitioner, in fact, has not raised a claim under *Alleyne* at all, but rather one under *Apprendi*. Petitioner asserts that his 360-month sentence exceeds the statutory maximum for his crimes of conviction because at his trial the jury was not required to, and did not, make any findings as to drug quantity. Petitioner must rely on *Apprendi* for this claim because he is challenging his statutory *maximum* sentence, rather than on *Alleyne*, which concerns only his statutory *minimum* sentence. Because *Apprendi*

---

[3] The Supreme Court in *Alleyne* ruled that "unless the defendant waives his entitlement to a jury," only the jury, and not the judge, can "decide whether [his] conduct met the requirements for a mandatory minimum sentence." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (citing *Alleyne*, which overruled *Harris v. United States*, 536 U.S. 545 (2002)). *Alleyne* was decided on direct appeal, and although it "establishes a new rule of constitutional law," the Supreme Court "did not declare that its new rule applies retroactively on collateral attack." *Id.*; *see also Frank v. United States*, CV 113-113, 2013 U.S. Dist. LEXIS 125040, at *6 n.1 (S.D. Ga. July 24) ("The Court is not aware of any authority indicating that *Alleyne* is retroactively applicable, and the case itself provides no such indication."), *adopted by* 2013 U.S. Dist. LEXIS 124708 (S.D. Ga. Aug. 30, 2013). Due to the posture of the case before the Seventh Circuit—an application to file a second or successive § 2255 motion—that court declined to decide whether *Alleyne* applies retroactively. *Simpson*, 721 F.3d at 876; *see* 28 U.S.C. § 2255(h)(2) (allowing a second or successive motion only if the Supreme Court has made a new rule of constitutional law retroactive to cases on collateral review). The Seventh Circuit nevertheless opined that the Supreme Court "will not declare *Alleyne* to be retroactive" because "*Alleyne* is an extension of *Apprendi*," and the Supreme Court has "decided that other rules based on *Apprendi* do not apply retroactively on collateral review." *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)); *see also United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (noting that the court's consideration of the *Alleyne* holding, in the course of assessing a direct appeal claim of plain error, "is not intended to suggest that *Alleyne* applies retroactively to cases on collateral review. . . . [T]he Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review. *See generally Alleyne*, 133 S. Ct. at 2155-64; *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001). And *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity. *See Tyler*, 533 U.S. at 666 ('Multiple cases can render a new rule retroactive only if the holdings in those cases necessarily dictate retroactivity of the new rule.'); *In re Holladay*, 331 F.3d 1169, 1172-73 (11th Cir. 2003)." (citations altered)).

5

does not apply retroactively, and a sentencing claim is not cognizable under the savings clause unless it invokes a Supreme Court decision that does, *see Williams*, 713 F.3d at 1336, 1343, Petitioner's § 2241 petition does not state a viable basis for invoking § 2255(e)'s savings clause. Plus, even a retroactive application of *Apprendi* would not help Petitioner here because his direct appeal and first § 2255 motion to vacate were decided in 2001—after the June 2000 *Apprendi* decision.

**IV.   Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) be **DISMISSED**.[4]

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 25th day of March, 2014.

       /s/ *J. CLAY FULLER*
       J. CLAY FULLER
       United States Magistrate Judge

---

[4] A federal prisoner does not require a certificate of appealability to appeal the dismissal of a § 2241 petition. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

AO 72A
(Rev.8/82)