IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| HOMER GREENE,<br><br>            Plaintiff,<br><br>v.<br><br>WARDEN DARLENE DREW,<br><br>           Defendant. | 1:13-cv-04268-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R"), recommending that Plaintiff's 28 U.S.C. § 2241 habeas corpus petition be dismissed.

**I.    BACKGROUND**

On December 23, 2013, Plaintiff filed this 28 U.S.C. § 2241 habeas corpus petition, challenging his three concurrent 360-month sentences for drug trafficking offenses. Plaintiff invokes the savings clause under 28 U.S.C. § 2255(e). A petitioner may invoke the savings clause only when his § 2241 claim arises from a Supreme Court decision issued "subsequent to his § 2255 proceedings," and that applies retroactively to cases on collateral review and overturns precedent in the Circuit that previously foreclosed the claim. Bryant v. Coleman, 738 F.3d 1253,

1274 (11th Cir. 2013). Plaintiff argues that the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), requires that his 360-month sentences be reduced because a jury did not find beyond a reasonable doubt the drug quantity for which he was responsible, and thus his guidelines range should have been substantially lower than the 10-30 year range determined by the District Court which sentenced him. Plaintiff admits that this argument, which was initially raised under Apprendi v. New Jersey, 530 U.S. 466 (2000), was not successful in his direct appeal or in his action under 28 U.S.C. § 2255. Plaintiff claims he may reassert this claim under the savings clause in light of the Supreme Court's decision in Alleyne.[1]

On March 25, 2014, the Magistrate Judge recommended that the petition be dismissed because Alleyne extended Apprendi to fact findings that impact mandatory minimum sentences, and a mandatory minimum sentence was not at issue in Plaintiff's case. The Magistrate Judge also found that even if Apprendi was the case relied on by Plaintiff, Apprendi does not apply retroactively because claims based on sentencing are not cognizable under the savings clause unless the petitioner invokes a Supreme Court decision that applies retroactively.

---

[1] Plaintiff also raised claims based on the ineffective assistance of counsel and double jeopardy in his petition, but he does not argue, and there is no legal basis to contend, that these claims can be invoked under the savings clause.

On May 6, 2014, Plaintiff filed his objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Analysis

Plaintiff's reliance on Alleyne is misplaced. In Alleyne, the Supreme Court simply extended Apprendi's factual finding requirement to *minimum sentences*, and held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. Plaintiff asserts that his 360-month sentences exceeded the statutory maximum for his drug trafficking

crimes.[2] He does not contend that a mandatory minimum sentence was wrongfully determined because of insufficient fact-finding. Upon *de novo* review, the Court concludes that Plaintiff's petition is required to be dismissed under Rule 4 of the Rules Governing Section 2254 Cases because the petition reveals on its face that relief is not warranted and the savings clause otherwise does not apply.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final R&R is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's habeas corpus petition is **DISMISSED**.

---

[2] Plaintiff's claim is one that arises, if at all, under Apprendi, and this claim has been rejected by the district court and the Eleventh Circuit in Plaintiff's case. See United States v. Green, 475 F. App'x 313 (11th Cir. 2012) (citing earlier Eleventh Circuit opinion to note that "Defendant Green[e] "was not in a position to raise an issue under *Apprendi* [,] since his 360-month sentence is within the statutory maximum for an enhanced penalty under the catch-all provision of [21] U.S.C. § 841(b)(1)(C) . . .").

**SO ORDERED** this 20th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE